UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

| | |
|---|---|
| ROBERT WILLIAM RIPLEY, | CASE NO. 14-01265-5-DMW |
| KAREN MARY RIPLEY, | CHAPTER 13 |

      DEBTORS

**MEMORANDUM IN SUPPORT OF MOTION TO ALLOW DEBTORS TO FINANCE PURCHASE OF RESIDENTIAL REAL PROPERTY AND FEE APPLICATION**

    NOW COME the Debtors, by and through their undersigned counsel, and file this Memorandum in Support of the Motion to Incur Debt (Docket entry: 41) filed on November 7, 2017 and in support of the Motion show the Court the following:

    1. The Debtors filed this chapter 13 case on March 4, 2014 and the plan was confirmed on May 30, 2014. The Debtors owned a residence at the time of the filing and confirmation and the mortgage payment was $1,200.25. The Debtors are current on their plan payments.

### E.D.N.C. LBR 4002-1(G)(5) IS NOT VALID

    2. E.D.N.C. LBR 4002-1(g)(5) provides:

The debtor shall not purchase additional property or incur additional debt of $7,500 or more without prior approval from the court. The debtor must give notice of the application to purchase additional property or to incur additional debt to the chapter 13 trustee, who must respond within fourteen days of receipt of the notice. If no objection is filed, the court may approve the application without a hearing.

    3. 28 U.S.C. §2075 provides:

The Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure in cases under title 11 [11 USCS §§ 1 et seq.].

Such rules shall not abridge, enlarge, or modify any substantive right.

The Supreme Court shall transmit to Congress not later than May 1 of the year in which a rule prescribed under this section is to become effective a copy of the proposed rule. The rule shall take effect no earlier than December 1 of the year in which it is transmitted to Congress unless otherwise provided by law.

The bankruptcy rules promulgated under this section shall prescribe a form for the statement required under section 707(b)(2)(C) of title 11 [11 USCS § 707(b)(2)(C)] and may provide general rules on the content of such statement.

4. Bankruptcy Rule 9029 provides:

(a) LOCAL BANKRUPTCY RULES.

(1) Each district court acting by a majority of its district judges may make and amend rules governing practice and procedure in all cases and proceedings within the district court's bankruptcy jurisdiction which are consistent with—but not duplicative of—Acts of Congress and these rules and which do not prohibit or limit the use of the Official Forms. Rule 83 F.R.Civ.P. governs the procedure for making local rules. A district court may authorize the bankruptcy judges of the district, subject to any limitation or condition it may prescribe and the requirements of 83 F.R.Civ.P., to make and amend rules of practice and procedure which are consistent with—but not duplicative of—Acts of Congress and these rules and which do not prohibit or limit the use of the Official Forms. Local rules shall conform to any uniform numbering system prescribed by the Judicial Conference of the United States.

(2) A local rule imposing a requirement of form shall not be enforced in a manner that causes a party to lose rights because of a nonwillful failure to comply with the requirement.

(b) PROCEDURE WHEN THERE IS NO CONTROLLING LAW. A judge may regulate practice in any manner consistent with federal law, these rules, Official Forms, and local rules of the district. No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, Official Forms, or the local rules of the district unless the alleged violator has been furnished in the particular case with actual notice of the requirement.

5. E.D.N.C. LBR 4002-1(g)(5) is invalid as it:

(a) abridges the right of a chapter 13 debtor to make purchases and incur debt;

(b) modifies a substantive right that chapter 13 debtors have to make purchases and incur debt without restrictions from the Bankruptcy Court;

(c) abridges the rights of the chapter 13 trustee to grant permission pursuant to 11 U.S.C. 1305;

(d) exceeds the confines of practice and procedure and dictates substantive law which is the exclusive domain of the legislative branch of government; and

(e) conflates and confuses the requirements and consequence of 11 U.S.C. §1305 to the stakeholders in the chapter 13 process by suggesting that some transactions do not require prior permission from the Chapter 13 Trustee which actually do require permission and suggesting that some transactions do require permission from the court which do not.

### ALTERNATIVELY, THE STANDARD FOR APPROVAL UNDER E.D.N.C. LBR 4002-1(g)(5) SHOULD BE LIMITED TO THE IMPACT ON THE DEBTORS' ABILTY TO PERFORM UNDER THE CURRENT PLAN

6. Pursuant to 11 U.S.C. §1327, a confirmed chapter 13 plan binds all parties to the case. Courts have analogized a confirmed chapter 13 plan to a new and binding contract, sanctioned by the court, between the debtors and their pre-confirmation creditors. See Murphy v. O'Donnell, 474 F.3d 143 (4th Cir. 2007). The confirmed plan can only be modified under 11 U.S.C. §1329 if there has been a substantial and unanticipated change of circumstances. In re Arnold, 869 F.2d 240 (4th Cir, 1989). "Chapter 13 confirmation orders have a preclusive effect on those issues litigated by or determined at confirmation, as the plan confirmation order is a 'final determination' as to those matters it actually addressed." LVNV v. Harling, 852 F.3d 367 (4thi Cir. 2017). The issue of the Debtors good faith in filing the petition was determined at confirmation. See 11 U.S.C. §1325(a)(7). The issue of the plan having been filed in good faith was determined at confirmation. See 11 U.S.C. §1325(a)(3).

7. The Motion to Incur Debt should be evaluated based on the confirmed plan and not what a modified plan might be.

8. Collier on Bankruptcy 1305.05 states: "But it is equally important to the success of the plan that the chapter 13 debtor not be allowed to incur unnecessary debt, debt that cannot be repaid except on terms prejudicial to other creditors."

9. The Bankruptcy Court in In re Ward held, "Clearly, if a debtor desires to incur significant debt postpetition (such as through the purchase of a car with secured financing) this will bear on performance under the plan." In re Ward, 546 B.R. 667 (Bankr. N.D.T.X., March 14, 2016). The Ward court went on to note:

> On balance, it seems most likely to this court that the substantive law that applies in the case at bar can be summarized as follows: (a) sections 363 and 364 of the Bankruptcy Code likely only apply in chapter 13 cases if the debtor is engaged in business somehow; (b) as for chapter 13 debtors who are *not* engaged in business, they *still* should not borrow postpetition, unless it is for "property or services necessary for the debtor's performance under the plan," consistent with the language and spirit of section 1305 of the Bankruptcy Code; (c) while it is clear that postpetition debt will not be dealt with under a plan or discharged unless section 1305 of the Bankruptcy Code is complied with, and section 1305 of the Bankruptcy Code suggests only trustee approval is necessary—not court approval—notice and court approval are nevertheless necessary whenever significant postpetition debt is incurred by a debtor, *if for no other reason than because of the possible impact on the debtor's plan and the debtor's prospects for rehabilitation*. To be clear, arguably, there is nothing in chapter 13 that either authorizes or prohibits the incurrence of postpetition debt *per se*. And arguably, there is nothing that requires court approval. However, incurrence of significant postpetition debt is an action that absolutely could bear on the performance of the plan. It could absolutely impact the debtor's rehabilitation efforts. Thus, this court will require court approval.

10. The court in In re Loden held, "Through this statutory framework, a debtor has the ability to obtain post-petition debt, without court authorization. Id. However, approval by the

trustee would be required if the debtor intended to make payments to the post-petition creditor under his plan. In re Loden, 572 B.R. 211 (Bankr. Arkansas, May 26, 2017).

11. §16.9 of Chapter 13: Practice and Procedure, 2nd by Judge Homer Drake states as follows:

> Courts have recognized that the requirement of prior approval protects the debtor from entering into ill-advised credit arrangements and protects the interest of creditors, who must rely on the debtor's ability to make plan payments from post-confirmation earnings. The requirement thus enhances the prospects for successful completion of the plan.

12. A Motion to Incur Debt is not a license or reason to conduct a wholesale review of a case. Rather it should be a discrete inquiry focused on the effect of the transaction on the debtors' ability to continue to fund the confirmed plan.

Dated: December 12, 2017

/s/ Travis Sasser
Travis Sasser
Attorney for debtors
State Bar No. 26707
2000 Regency Parkway, Suite 230
Cary, NC 27518
Tel: 919.319.7400
Fax: 919.657.7400
tsasser@carybankruptcy.com

## CERTIFICATE OF SERVICE

  This is to certify that a copy of the foregoing Memorandum was served on the entities listed below at their last known address with sufficient postage thereon, or, if such interested party is an electronic filing user, by serving such interested party, electronic transmission, pursuant to Local Rule 5005-4(9)(b).

  Chapter 13, Trustee
  *Served Electronically*

  I certify under penalty of perjury that the foregoing is true and correct.

  Dated: December 12, 2017

              <u>/s/ Travis Sasser</u>
              Travis Sasser
              Attorney for debtors
              State Bar No. 26707
              2000 Regency Parkway, Suite 230
              Cary, NC 27518
              Tel: 919.319.7400
              Fax: 919.657.7400
              tsasser@carybankruptcy.com